UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RICHARD E. BUCKLEY,

    Plaintiff,

    v.

UNITED STATES OF AMERICA, et al.,

    Defendants.

CASE NO. C05-1009RSM

ORDER ON DEFENDANTS'
MOTION TO DISMISS

This matter is before the Court for consideration of defendants' Rule 12(b)(1) and 12(b)(6) motion to dismiss, which plaintiff has opposed. For the reasons set forth below, the Court GRANTS defendants' motion.

DISCUSSION

Plaintiff Richard Buckley, appearing *pro se*[1] and *in forma pauperis,* filed this action, designated as a complaint "for tortious invasion of privacy, intentional infliction of emotional distress, negligent infliction of emotional distress, [and] defamation." He alleges federal question jurisdiction under 28 U.S.C. § 1331, and also 28 U.S.C. § 1345. The latter statute is inapplicable here because the United States is a party defendant, not the plaintiff in this matter. Plaintiff seeks damages in excess of one million dollars for emotional distress, pain and suffering, lost wages and benefits, medical expenses, and

---

[1] Plaintiff is a member of the California bar and appears on the role of attorneys admitted to practice before this Court.

ORDER - 1

other relief.

The complaint alleges that plaintiff, a former Assistant Regional Counsel at the Social Security Administration, was at his home in a men's shelter, the Salvation Army William Booth Center, when two agents of his former employer arrived to question him.  He states that one of the agents threatened that they would "do their thing" if he did not submit to questioning.  Plaintiff asked a staff member where they could conduct the questioning, and they were referred to the common dining area.  Plaintiff states that he led the agents to the dining area, where they sat opposite him blocking his exit, so that he felt threatened. After questioning him for forty or fifty minutes, the agents ordered him not to leave the State of Washington without their permission.  They also ordered plaintiff to contact them before visiting the office of the Social Security Administration to pursue his application for disability benefits.   Plaintiff alleges, in four separate counts in the complaint, that these acts violated his rights under the Fourth Amendment and the Privacy Act, 5 U.S.C. § 552a, as well as defamed him and caused him emotional distress.  He names as defendants special agents Ronald Legan and Joe Rogers, as well as Commissioner of Social Security Jo Anne B. Barnhart, and the Social Security Administration.  All are named in their official capacities.[2]

Defendants have moved to dismiss the Fourth Amendment and Privacy Act claims under F.R.Civ. Proc. 12(b)(6) for failure to state a claim, and the tort claims under Rule 12(b)(1) for lack of jurisdiction. The latter will be addressed first.

Plaintiff's tort claims of negligent and intentional infliction of emotional distress, and defamation, are all subject to dismissal for plaintiff's failure to comply with the requirements of the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2401(b) and § 2671 *et seq*.  The statute provides a limited waiver of sovereign immunity in certain tort suits against the United States for damages caused by the negligence of government employees.  Defendants correctly assert that a FTCA action must be brought against the

---

[2]Plaintiff has filed at least six other lawsuits in this Court against his former employer or regarding that employment.  *Buckley v. Meis, et al.*, C02-2051TSZ; *Buckley v. Meis, et al.*, C03-007RSL; *Buckley v. Schaul, et al.*, C03-3233JCC; *Buckley v. Schaul*, C03-3234TSZ;  *Buckley v. Bloch, et al.*, C04-422TSZ; *Buckley v. McFie, et al.*, C04-973JCC.   Three of these were brought under the Privacy Act. C03-007RSL; C03-3234TSZ; C04-422TSZ.  All have been dismissed.

ORDER - 2

United States alone, not an agency thereof, and they therefore have properly filed a Notice of Substitution, substituting the United States as party defendant on the common law tort claims. Dkt. # 7. The United States has then moved to dismiss these tort claims for plaintiff's failure to comply with the jurisdictional prerequisites to filing suit. 28 U.S.C. § 2675(a).  According to the Declaration of John Carlo, plaintiff has not filed an administrative tort claim regarding the incident of which he now complains.  In opposing the motion to dismiss, plaintiff has not disputed this assertion. Accordingly, his tort claims (Counts II, III and IV in his complaint) must be dismissed for lack of jurisdiction.

Defendants have moved to dismiss plaintiff's Privacy Act and Fourth Amendment claims for failure to state a claim under Rule 12(b)(6).  A complaint should not be dismissed for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).  As to the Privacy Act claim, this is so; the Privacy Act prohibits (with certain exceptions) the disclosure by an agency of "any record which is contained within a system of records. . ." without the prior consent, in writing, of the individual. 5 U.S.C. § 552a(b).  As plaintiff's complaint regarding his interrogation by agents Legan and Rogers is unrelated to records or the disclosure thereof, it fails to state a claim under the Privacy Act. That is, he has stated no facts which, if proven, would entitle him to relief under the Privacy Act.  This claim is therefore subject to dismissal for failure to state a claim.

As to plaintiff's Fourth Amendment claim, defendants contend that plaintiff invoked 42 U.S.C. § 1983 as the jurisdictional basis for his claim, and that this section is inapplicable to actions by federal agents or officials.  However, plaintiff in his opposition to dismissal has asserted a right under *Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971).  In *Bivens*, the Supreme Court held that a victim of a Fourth Amendment violation committed by federal officers acting under color of state law could bring an action for money damages against the individual officers. *Id*. at 389. Therefore, defendants' argument under 42 U.S.C. § 1983 is unavailing.  However, the facts alleged by plaintiff do not state a violation of the Fourth Amendment, which serves to protect "persons, houses, papers, and effects" against unreasonable searches and seizures, so that the claim is subject to dismissal

ORDER - 3

on that basis.[3]

A search or seizure conducted without a warrant is, with few exceptions, *per se* unreasonable. *Katz v. United States*, 389 U.S. 347, 357 (1967). Here, however, there was neither search nor seizure. The complaint states that agents Legan and Rogers were admitted to the men's shelter by staff. Plaintiff met them at the front desk and, despite feeling "threatened", voluntarily accompanied them to a public area to answer questions. The agents did not "trespass" as plaintiff alleges, and neither plaintiff nor his living space was searched. Nor was he placed in custody or physically restrained in any way. The facts stated in the complaint, then, no matter how liberally read, do not state claim of Fourth Amendment violation.

In opposing the motion to dismiss, plaintiff has argued at length regarding his reasonable expectation of privacy, and his contention that the agents' appearance at the mens' shelter constituted trespass. However, he still has stated no facts that would demonstrate that a search or seizure occurred, and give rise to a claim of Fourth Amendment violation. The claim must be dismissed pursuant to 28 U.S.C. § 1915(e) for failure to state a claim.

Defendants also contend that the Fourth Amendment claim must be dismissed for lack of jurisdiction, because the agents have been named in their official, not individual capacities as required. Defendants are correct that a suit against a federal officer or agent in his official capacity is a suit against the United States itself, subject to applicable defenses of sovereign immunity. *Kentucky v. Graham*, 473 U.S. 159 (1985). However, this pleading defect could be easily cured by amendment, and the Court declines to consider it as a basis for dismissal.

Defendants have also moved to dismiss the entire complaint for insufficiency of process and failure to properly serve the summons and complaint. The Court notes that plaintiff is proceeding *in forma pauperis.* Pursuant to that statute, the Court, in a standard Order, generally directs the Clerk to issue summons and provide service by mail in accordance with the applicable section of F.R.Civ. Proc. 4 (here, Rule 4(i)). 28 U.S.C. § 1915(d). However, before the Court had an opportunity to review the file

---

[3]As plaintiff is proceeding *in forma pauperis*, the Court may consider this *sua sponte*, and indeed has an obligation to do so. 28 U.S.C. § 1915(e)(2)(B)(ii).

ORDER - 4

and issue that standard Order in this case, defendant appeared and filed this motion to dismiss, apparently in response to copies of the complaint that had been served by plaintiff himself. The Court ruled that the service error would be corrected should the complaint survive the motion to dismiss. Dkt. # 12. However, the Court declines to consider insufficiency of process as an additional basis for dismissal.

Accordingly, defendants' motion to dismiss is GRANTED and the complaint is DISMISSED, without prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(b)(ii), Rule 12(b)(1) and 12 (b)(6), as set forth above.

DATED this 4th day of November, 2005.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER - 5